## SMITH *v.* HOWELL.

The removal of a defendant from the county in which a judgment was rendered against him will not render necessary entering upon the general-execution docket, of the county to which he removes, an execution issued upon such judgment. If in such a case, within ten days from the date of judgment, the execution issued thereon is entered on such docket in the county in which the judgment was rendered, the lien of such judgment attaches to all his property from the date of its rendition. If such entry be postponed beyond ten days, the lien of the judgment attaches only from the date when the entry is actually made. In no event is so entering the execution in the county to which the defendant removes necessary to effectuate the lien of the judgment as to his property therein.

Argued June 23, — Decided July 10, 1897.

Levy and claim. Before Judge Hutchins. Oconee superior court. July term, 1896.

*B. E. Thrasher* and *J. J. Strickland,* for plaintiff in error.
*Sylvanus Morris,* contra.

ATKINSON, J. The questions made in this case arose upon the following state of facts. An execution in favor of Howell against Hattaway was levied on land which was claimed by Mrs. Smith. Under the charge of the court, the jury found the property not subject. The court granted a new trial, and claimant excepted. The execution issued September 1, 1892, from a judgment rendered on October 26, 1891, in Clarke superior court, for $280 principal, and $19.60 interest, with a credit of $97.10 dated October 4, 1892. It was entered on the general execution docket of Clarke county on September 1, 1892, but was never entered on the docket of Oconee county where the land lies. Hattaway resided in Clarke county when the judgment was rendered, but removed to Oconee county in December, 1891, and has since lived there. The execution was levied on December 28, 1893, at which time Hattaway was in possession. On January 4, 1894, he made a deed conveying the land to claimant to secure a debt, which deed was recorded on the same day. In evidence was a deed dated November 24, 1891, recorded January 4, 1894, from Mrs. S. F. Thrasher, Mary O. Hattaway, and Mrs. S. B. Reaves, conveying the land in dispute. Hattaway, the defendant in execu-

SMITH v. HOWELL. (101

tion, testified that he and the persons who signed the deed to him in 1891 are all the heirs of his father's estate, which he wound up. His three sisters made him a deed to his part. In the division, he owed his sister, the claimant, $750. He gave her a note, and afterward made her the deed to secure the debt. He never told her anything about the Howell judgment. He thinks the land is worth more than $5 per acre, and there are about 200 acres (the entry of levy says 193 acres). Claimant testified, that the deed to her was made in good faith and for a valuable consideration, to secure the payment of a debt which Hattaway owes her as executor of her father's estate, and that she had no notice of the judgment before the deed was executed. (The description of the land in this deed is, "those two tracts of land in Oconee county, described in a deed from Sarah F. Thrasher, Susie B. Reaves and Mary O. Smith to J. B. Hattaway, dated Nov. 24, 1891.")

The motion for new trial alleges that the verdict is contrary to law, and that the court erred: In charging the jury: (a) that the execution must have been entered on the general execution docket of Oconee county before the execution of the deed from the defendant to the claimant, in order to take precedence of said deed; (b) that the claimant, at the time her deed was executed, must have had knowledge or notice of the existence of the judgment and levy of the fi. fa., in order to defeat her claim. And in refusing to charge, as requested: "The levy of this fi. fa. in 1893, prior to the execution of the deed of defendant to the claimant in 1894, was such an attaching of the lien of the judgment to this particular land as to make it a fraud for the defendant to convey, and was notice to the claimant of the judgment."

In determining whether or not the court erred in granting a new trial in this case, it is only necessary to consider whether the verdict was contrary to law, and whether the court erred in charging the jury that the execution levied must have been entered on the general-execution docket of Oconee county before the execution of the deed from the defendant to the claimant, in order to take precedence over said deed. It will be seen that, at the time of the suit in which the judgment was ren-

dered upon which the execution issued in the present case, the defendant resided in Clarke county, and that he resided there at the date of the rendition of the judgment. Relatively to that judgment, it fixed his residence in Clarke county. Section 2779 of the Civil Code requires only that an execution issued upon a judgment shall be entered upon the general-execution docket of the county of the residence of the defendant within ten days from the date of its rendition, in order to effectuate the lien imposed by the general law upon all the property of the defendant, whether situate in such county or not, in favor of the person obtaining the judgment. The same section of the code provides that if the execution be not recorded within the time limited, the lien of the judgment shall date only from the time of the record of the execution. There is no requirement that the execution shall be recorded more than once; and inasmuch as the execution, though not recorded within ten days from the date of the rendition of the judgment, was in fact afterwards properly recorded in Clarke county, its lien took effect from the time of its record, not only upon the property of the defendant in Clarke county, but elsewhere; and the deed of the claimant, having been executed subsequently to the actual record of the execution, did not, as against the lien of the judgment, divest the title of the defendant. It follows, therefore, that the court did not err in granting a new trial.

*Judgment affirmed. All the Justices concurring.*